**Marvin Bolbeli Tovar EQUIZABAL,
Petitioner,**

v.

**Michael B. MUKASEY,[*] Attorney
General, Respondent.**

No. 05–75426.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 21, 2007.

Katrina Robson, Esq., Scott D. Sugino, Esq., O'Melveny & Myers, LLP, Newport Beach, CA, for Petitioner.

Marvin Bolbeli Tovar Equizabal, Los Angeles, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BYBEE and M. SMITH, Circuit Judges, and MILLS [**], District Judge.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

[**] The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

MEMORANDUM ***

Petitioner Marvin Equizabal appeals the decision of the Board of Immigration Appeals (BIA), which affirmed without opinion the Immigration Judge's (IJ) order granting Equizabal's application for voluntary removal and permitting the withdrawal of his applications for asylum and withholding of removal. Because the parties are familiar with the facts, we do not recount them here. We dismiss the petition for lack of jurisdiction.

The Immigration and Naturalization Act provides that a "court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review" of an order of removal. *Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1567 (9th Cir.1994) (citing *Vargas v. U.S. Dep't of Immigration and Naturalization*, 831 F.2d 906, 907 (9th Cir.1987)). This circuit has held the § 1252(d)(1) exhaustion requirement to be jurisdictional. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas*, 831 F.2d at 907–908; *see also Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) ("squarely holding that § 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below").

This exhaustion requirement is no less applicable when the legal claim is based on the constitutional right to due process. "'[A] petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process.'" *Rashtabadi*, 23 F.3d at 1567 (quoting *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir.1985)). The BIA is entitled, in the first instance, to correct procedural errors in the proceedings below—even if those errors amounted to a violation of due process. *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir.1995). Since Equizabal did not raise his challenge to the IJ's actions before the BIA, he did not exhaust his administrative remedies.

Equizabal's petition for review of the decision of the BIA is DISMISSED.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

